# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| LINDA ANDRUS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EMIDS TECHNOLOGIES PVT LTD. CORP. f/k/a ENCORE HEALTHCARE RESOURCES, LLC<br><br>Defendant. | Civil Action No. 4:18-cv-3901<br><br>CLASS AND COLLECTIVE ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Linda Andrus ("Plaintiff" or "Andrus"), through her undersigned counsel, individually and on behalf of all others similarly situated, files this Class and Collective Action Complaint against Defendant emids Technologies Pvt Ltd. Corp. f/k/a Encore Health Resources, LLC ("emids" or "Defendant"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## PRELIMINARY STATEMENT

1. This is an action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA") and Pennsylvania state law, seeking payment of back wages, including unpaid overtime wages. Plaintiff and the Class Members (defined below) also seek liquidated damages, attorneys' fees and costs, and all other relief the Court deems proper.

2. Plaintiff alleges that she and other similarly situated Consultants were knowingly and improperly classified as independent contractors, and, as a result, did not receive overtime pay for hours worked in excess of forty (40) in a workweek.

1

## JURISDICTION AND VENUE

3. Jurisdiction over Plaintiff's FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claim because that claim derives from a common nucleus of operative facts.

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1391, since a significant part of the events giving rise to this Complaint occurred in Houston, Texas. Specifically, Defendant emids Technologies Pvt Ltd. Corp. f/k/a Encore Health Resources, LLC maintained its corporate headquarters in Houston, Texas during the time Plaintiff worked for Defendant.

## PARTIES

6. Plaintiff Linda Andrus is an individual residing in Brighton, Utah. Plaintiff worked for Defendant as a Consultant providing support and training to Defendant's clients in using a new recordkeeping system at hospitals around Philadelphia, Pennsylvania from approximately February to March 2018. Pursuant to 29 U.S.C. § 216(b), Plaintiff Andrus has consented in writing to participate in this action. *See* Exhibit A.

7. Defendant emids Technologies Pvt Ltd. Corp. f/k/a Encore Health Resources, LLC ("emids") is a corporation that provides information technology support services in the healthcare and other industries across the country. Emids maintains its corporate headquarters in Franklin, Tennessee.

8. In or around July 2017, emids acquired Encore Health Resources, LLC, which has its headquarters in Houston, Texas. Encore functions as a business unit within emids, and Encore's founders and executives are employed by and sit on the Board of Directors of emids.

2

9. Defendant employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

10. Defendant's annual gross volume of sales made or business done exceeds $500,000.

## FLSA COLLECTIVE DEFINITION

11. Plaintiff brings Count I of this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of herself and the following collective of potential FLSA opt-in litigants:

> All individuals who worked for emids Technologies Pvt Ltd. Corp. f/k/a Encore Health Resources ("emids" or "Defendant") providing training and support to Defendants' clients in using electronic recordkeeping systems in the United States from October 18, 2015 to the present and who did not receive overtime compensation when they worked more than forty (40) hours per week (the "FLSA Collective").

12. Plaintiff brings Count II of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and the following class:

> All individuals who worked for emids Technologies Pvt Ltd. Corp. f/k/a Encore Health Resources ("emids" or "Defendant") providing training and support to Defendants' clients in using electronic recordkeeping systems in Pennsylvania from October 18, 2015 to the present and who did not receive overtime compensation when they worked more than forty (40) hours per week (the "Pennsylvania Class").

13. The FLSA Collective and Pennsylvania Class are together referred to as the "Classes." Plaintiff reserves the right to redefine the Classes prior to notice and certification, and thereafter, as necessary.

## FACTS

14. As a leading information technology firm, emids provides training and support to medical facilities in connection with the implementation of new electronic recordkeeping systems.

3

Emids recruits Consultants, such as Plaintiff, to perform such training and support services throughout the United States.

15. Emids determines the schedules for Plaintiff and other Consultants, approves any requests for expense reimbursements or for time off, and approves the hours worked by Consultants.

16. Emids provides Plaintiff and other Consultants with a contract setting out the terms of their work for emids.

17. Emids provides Plaintiff and other Consultants with instructions regarding the work to be performed on their project assignments, and the process to be followed at the conclusion of the project assignment, as well as daily updates to the Consultants' schedules.

18. Emids communicates with Plaintiff and other Consultants regularly during the course of a project assignment.

19. Plaintiff and other Consultants are supervised by an emids project manager during their time working for Defendants.

20. Defendant's financial results are significantly driven by the number of Consultants performing training and support services for their customers, and the fees that Defendant charges the customers for these services.

21. From approximately February-March 2018, Plaintiff was assigned by Defendant to provide educational and support services to healthcare staff in Philadelphia, Pennsylvania.

22. Plaintiff was classified by Defendant as an independent contractor and was paid solely on a straight hourly basis for hours worked in excess of forty (40) a week. Plaintiff was paid only for the time billed to Defendant's customers, and not for all overtime hours actually worked.

4

23. Defendant improperly, wrongfully, and illegally classified Plaintiff and other Consultants as independent contractors, when the economic reality of their position is that of an employee, and Defendant retains the right of control, and, in fact, actually does control their work.

**Plaintiff and Class Members are Employees as a Matter of Economic Reality**

24. Work performed by Plaintiff and Class Members is an integral part of Defendant's business. Defendant is in the business of providing information technology educational services to the healthcare industry. Plaintiff and Class Members provide support and training to Defendant's clients in connection with the implementation of new electronic recordkeeping systems.

25. Plaintiff's and Class Members' duties do not involve managerial work. They follow the training provided to them by Defendant in performing their work, which is basic training and support in using electronic recordkeeping systems.

26. Plaintiff and Class Members do not make any significant relative investments in relation to their work with Defendant. Defendant provides the training and equipment required to perform the functions of their work.

27. Plaintiff and the Class Members have little or no opportunity to experience a profit or loss related to their employment. Defendant pays Plaintiff and the Class Members a fixed hourly rate. Plaintiff and the Class Members do not share in Defendant's monetary success; their income from their work is limited to their hourly rate.

28. Plaintiff's and Class Members' work does not require special skills, judgment or initiative. Defendant provides training to Plaintiff and Class Members, which they use to provide training and support to Defendant's clients.

29. Plaintiff and Class Members are economically dependent on Defendant. Plaintiff and Class Members are entirely dependent upon Defendant for their business, as they are not permitted to perform services for any other company during their time working for Defendant.

30. Plaintiff and Class Members are not customarily engaged in an independently established trade, occupation, profession or business.

31. Plaintiff and Class Members typically enter into successive projects for Defendant.

32. Plaintiff and Class Members have little or no authority to refuse or negotiate Defendant's rules and policies; they must comply or risk discipline and/or termination.

33. Defendant instructs Plaintiff and Class Members concerning how to do their work and dictates the details of the performance of their jobs. For example:

   a. Defendant, not Plaintiff or Class Members, conducts all of the billing and invoicing to Defendant's clients for the work. Defendant bills the third-party customers directly;

   b. Plaintiff and Class Members have no control over what prices to charge, or the scheduling of shifts. All negotiations over the cost of the work are done directly between Defendant and the third-party client;

   c. Defendant requires Plaintiff and Class Members to work the entire project from inception to conclusion;

   d. Defendant provides all training needed for Plaintiff and Class Members to perform their work; and

   e. Defendant requires Plaintiff and Class Members to perform in accordance with Defendant's policies, manuals, standard operating procedures and the third-party client's requirements.

6

34. Plaintiff and Class Members often work approximately ten (10) to twelve (12) hours per day, up to seven (7) days per week.

35. Plaintiff and Class Members have to request Defendants' approval for time off. Defendants have the discretion to grant or deny such requests.

**Plaintiff and Class Members are not Exempt as "Computer Employees" under the FLSA**

36. Plaintiff and Class Members provide support and training to hospital staff in connection with electronic recordkeeping systems. Plaintiff has no specialized training or certification in computer programming, software documentation and analysis, or testing of computer systems or programs. Plaintiff and Class Members are not working as, nor are they similarly skilled as computer systems analysts, computer programmers, or software engineers, as defined in 29 C.F.R. § 541.400(a).

37. Plaintiff's and Class Members' primary duties consist of training and aiding healthcare staff with using the new recordkeeping software. This type of user support is also known as "at the elbow" work. Plaintiff's and Class Members' primary duties do not include the higher skills of the "application of systems analysis techniques and procedures," pursuant to 29 C.F.R. § 541.400(b)(1). Plaintiff and Class Members do not analyze, consult or determine hardware, software programs or any system functional specifications for Defendants' clients. *See id.*

38. Plaintiff and Class Members do not consult with Defendant's customers to determine or recommend hardware specifications. Plaintiff and Class Members do not design, develop, document, analyze, create, test or modify a computer system or program, as defined in 29 C.F.R. § 541.400(b)(2).

39. While Plaintiff's and Class Members' "work is highly dependent upon, or facilitated by, the use of computers and computer software programs;" they ae not "primarily

7

engaged in computer systems analysis and programming." U.S. Dept. of Labor, Wage & Hour Div., Fact Sheet #17E: Exemption for Employees in Computer-Related Occupations under the Fair Labor Standards Act (FLSA). Plaintiff and Class Members provide support and training in using electronic recordkeeping systems to Defendants' clients.

**Plaintiff and Class Members Routinely Work in Excess of 40 Hours a Week**

40. Plaintiff and Class Members routinely work in excess of forty (40) hours per workweek, but are not paid overtime compensation as required by the FLSA.

41. Plaintiff and Class Members are often required to work between ten (10) and twelve (12) hours a day, up to seven (7) days a week.

42. Although Plaintiff and Class Members frequently are required, permitted, or encouraged to work more than forty (40) hours per week, Defendant has failed to pay them one and one-half (1 ½) times their regular pay rate for hours worked in excess of forty (40) hours per week, as required by the FLSA.

43. Instead, Plaintiff and Class Members are paid a straight hourly rate for hours that they worked, regardless of whether they worked more than forty (40) hours in a week. Plaintiff and Class Members are not paid on a salary basis.

**Defendant Willfully Violated the FLSA**

44. Defendant and its senior management had no reasonable basis to believe that Plaintiff and FLSA Collective Members were exempt from the requirements of the FLSA. Rather, Defendant either knew or acted with reckless disregard of clearly applicable FLSA provisions in classifying Plaintiff and the FLSA Collective Members as independent contractors and failing to pay them overtime. Such willfulness is demonstrated by, or may be reasonably inferred from, Defendant's actions and/or failures to act, including the following:

8

a. At all times relevant hereto, Defendant maintained payroll records which reflected the fact that Plaintiff and Collective Members did, in fact, regularly work in excess of 40 hours per week, and thus, Defendant had actual knowledge that Plaintiff and FLSA Collective Members worked overtime;

b. At all times relevant hereto, Defendant knew that it did not pay Plaintiff and FLSA Collective Members one and one-half (1 ½) times their regular pay rate for hours worked in excess of forty (40) hours per week;

c. As evidenced by its own job offer letters and training materials for Consultants, at all times relevant hereto, Defendant was aware of the nature of the work performed by Consultants, and, in particular, that such individuals worked exclusively at-the-elbow of healthcare workers employed by Defendant's clients, providing basic training and support;

d. As evidenced by its own job offer letters and training materials for Consultants, Defendant knew and understood that it was subject to the wage requirements of the FLSA as an "employer" under 29 U.S.C. § 203(d).

e. At all times relevant hereto, Defendant was aware that its Consultants did not engage in: (i) computer systems analysis, computer programming, or software engineering, as defined in 29 C.F.R. § 541.400(a); (ii) the application of systems analysis techniques and procedures, as defined in 29 C.F.R. § 541.400(b)(1); or (iii) the design, development, analysis, creation, testing or modification of a computer system or program, as defined in 29 C.F.R. § 541.400(b)(2);

f. Defendant lacked any reasonable or good faith basis to believe that its Consultants fell within any exemption from the overtime requirements of the FLSA. Rather,

9

      Defendant deliberately misclassified its Consultants as independent contractors and exempt from the provisions of the FLSA in order to avoid paying them overtime compensation to which they were entitled;

g. At all times relevant hereto, Defendant was aware that it would (and, in fact did) benefit financially by failing to pay Plaintiff and FLSA Collective Members one and one-half (1 ½) times their regular pay rate for hours worked in excess of forty (40) hours per week; and

h. Thus, Defendant had (and have) a strong financial motive to violate the requirements of the FLSA by misclassifying its Consultants as independent contractors.

45. Based upon the foregoing, Defendant was cognizant that, or recklessly disregarded whether, its conduct violated the FLSA.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

46. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

47. Plaintiff desires to pursue her FLSA claims on behalf of all individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

48. Plaintiff and the FLSA Collective Members are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, *inter alia*, all such individuals have been subject to Defendant's common business and compensation practices as described herein, and, as a result of such practices, have been misclassified as independent contractors and have not been paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek.

Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendant's common misclassification, compensation and payroll practices.

49. The FLSA requires non-exempt hourly employees to be compensated at a rate of one and one-half (1 ½) *times* the regular hourly rate for all hours worked over 40 in a week.

50. Defendant misclassified Plaintiff and FLSA Collective Members as independent contractors and only paid them a regular hourly rate ("straight time") for hours over forty and only for hours actually billed to Defendant's clients.

51. The similarly situated employees are known to Defendant, are readily identifiable, and can easily be located through Defendant's business and human resources records.

52. Defendant employs many FLSA Collective Members throughout the United States. These similarly situated employees may be readily notified of this action through U.S. Mail and/or other means, and allowed to opt in to this action pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest) and attorneys' fees and costs under the FLSA.

## **PENNSYLVANIA CLASS ACTION ALLEGATIONS**

53. Plaintiff brings Count II of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and the Pennsylvania Class defined above.

54. The members of the Pennsylvania Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than forty (40) members of the Pennsylvania Class.

55. Plaintiff Andrus will fairly and adequately represent and protect the interests of the Pennsylvania Class because there is no conflict between the claims of Plaintiff Andrus and those of the Pennsylvania Class, and Plaintiff Andrus' claims are typical of the claims of the

Pennsylvania Class. Plaintiff Andrus' counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

56. There are questions of law and fact common to the proposed Pennsylvania Class, which predominate over any questions affecting only individual Class Members, including, without limitation, whether Defendant has violated and continues to violate Pennsylvania law through its policy or practice of not paying its Consultants overtime compensation.

57. Plaintiff Andrus' claims are typical of the claims of the Pennsylvania Class Members in the following ways, without limitation: (a) Plaintiff Andrus is a member of the Pennsylvania Class; (b) Plaintiff Andrus' claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Pennsylvania Class; (c) Plaintiff Andrus' claims are based on the same legal and remedial theories as those of the Pennsylvania Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiff Andrus and the Pennsylvania Class Members; and (e) the injuries suffered by Plaintiff Andrus are similar to the injuries suffered by the Pennsylvania Class Members.

58. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Pennsylvania Class predominate over any questions affecting only individual Class Members.

59. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair

and efficient adjudication of this controversy. The Pennsylvania Class Members are readily identifiable from Defendant's own records. Prosecution of separate actions by individual members of the Pennsylvania Class would create the risk of inconsistent or varying adjudications with respect to individual Pennsylvania Class Members that would establish incompatible standards of conduct for Defendant.

60. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the Pennsylvania Class Members, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

61. Without a class action, Defendant will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff Andrus and the Pennsylvania Class. Plaintiff Andrus envisions no difficulty in the management of this action as a class action.

## COUNT I
## FLSA – Overtime Wages
## (On Behalf of Plaintiff and the FLSA Collective)

62. All previous paragraphs are incorporated as though fully set forth herein.

63. The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee..." 29 U.S.C. § 203(d).

64. Defendant is subject to the wage requirements of the FLSA because Defendant is an "employer" under 29 U.S.C. § 203(d).

65. At all relevant times, Defendant has been an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

66. During all relevant times, Plaintiff and FLSA Collective Members have been covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

67. Plaintiff and the FLSA Collective are not exempt from the requirements of the FLSA.

68. Plaintiff and FLSA Collective Members are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1).

69. Defendant, pursuant to its policies and practices, failed and refused to pay overtime premiums to Plaintiff and FLSA Collective Members for all their overtime hours worked by misclassifying Plaintiff and the FLSA Collective as independent contractors, thereby exempting them from the requirements of the FLSA.

70. Defendant knowingly failed to compensate Plaintiff and FLSA Collective Members at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

71. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

72. In violating the FLSA, on information and belief, Defendant did not have any good faith basis to rely on any legal opinion or advice to the contrary.

### COUNT II
### Violation of the Pennsylvania Minimum Wage Act
### (On Behalf of Plaintiff and the Pennsylvania Class)

73. All previous paragraphs are incorporated as though fully set forth herein.

74. The Pennsylvania Minimum Wage Act of 1968 ("PMWA") requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate

not less than one and one-half (1 ½) times the regular rate at which he is employed. *See* 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41.

75. Defendant is subject to the overtime requirements of the PMWA because Defendant is an employer under 43 P.S. § 333.103(g).

76. During all relevant times, Plaintiff Andrus and the Pennsylvania Class members were covered employees entitled to the above-described PMWA's protections. *See* 43 P.S. § 333.103(h).

77. Defendant's compensation scheme that is applicable to Plaintiff Andrus and the Pennsylvania Class members failed to comply with either 43 P.S. § 333.104(c) or 34 Pa. Code § 231.41.

78. The PMWA does not contain an exemption from overtime pay for any type of computer employees. *See* 43 P.S. § 333.105.

79. Defendant failed to compensate Plaintiff Andrus and the Pennsylvania Class Members at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41.

80. Pursuant 43 P.S. § 333.113, employers, such as Defendant, who fail to pay an employee wages in conformance with the PMWA shall be liable to the employee for the wages or expenses that were not paid, court costs and attorneys' fees incurred in recovering the unpaid wages.

## **JURY TRIAL DEMANDED**

81. Plaintiff demands a trial by jury for all issues of fact.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff seeks the following relief on behalf of herself and Class Members:

a. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential members of the FLSA Collective;

c. An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Pennsylvania Class;

d. Back pay damages (including unpaid overtime compensation and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

e. Liquidated damages to the fullest extent permitted under the law;

f. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

g. Such other and further relief as this Court deems just and proper.

Dated: October 18, 2018                  Respectfully submitted,

/s Sarah R. Schalman-Bergen
Shanon J. Carson
Sarah R. Schalman-Bergen
Alexandra K. Piazza
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
scarson@bm.net
sschalman-bergen@bm.net
apiazza@bm.net

Harold Lichten
Olena Savytska
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000

Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801
hlichten@llrlaw.com
osavytska@llrlaw.com

David M. Blanchard (MI P#67190)
BLANCHARD & WALKER, PLLC
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
Telephone: 734.929.4313
blanchard@bwlawonline.com

*Attorneys-In-Charge for Plaintiff*